The County of Henry, Appellant, v. Robert Allen, Respondent.

*Agent—Evidence.*—Where an agent was appointed to receive for a special purpose and pay out moneys as he should be directed by his principal, evidence that he had received money which he refused to pay to his principal when demanded was erroneously excluded from the consideration of the jury.

*Appeal from Henry Circuit Court.*

*Aikman Welch*, attorney general, for appellant.

I. The court erred in excluding from the jury the testimony of witness Stone and the receipt of defendant produced by said witness. The records of the County Court, which were read in evidence, proved that defendant Allen was the agent of said county to receive the railroad funds, and the testimony of Stone proves conclusively the receipt of certain money by defendant as such agent; and this testimony was relevant and legal, and should not have been excluded.

II. By the terms of the order of the County Court appointing defendant as agent to receive this railroad subscription, he is expressly made the agent of the county, and not the agent of the railroad company. The County Court had no power to appoint and could not have appointed an agent for the railroad company. By this order the defendant was forbidden to pay over to the company unless ordered to do so by the court; and until such order should be made, the de-

fendant and all funds in his hands were subject to the control of the County Court. The agency could be revoked, or the funds could be required to be paid over to the county, or both could be done.

III. The defendant cannot avail himself of any supposed want of demand for the money received by him. Such a defence can only be available when the defendant expressly sets it up in his answer by way of defence, and shall accompany such a defence with a tender of the amount that is due. In this case no such defence was expressly set up, nor was any tender made. Had it been otherwise, it was only a question which affected the costs (R. C. 1855, p. 1448, § 34); and no ground was furnished by this for the exclusion of evidence otherwise competent.

IV. The receipts of the defendant were neither the foundation of the suit nor the foundation of defendant's liability; and the statutes did not require the receipts to be filed with the petition. They were the mere evidence of defendant's liability, and the court erred in excluding them as evidence because not so filed. The statutes attach to such failure no such penalty, and the court erred in their exclusion for such a cause. (2 R. C. 1855, p. 1241, § 60.)

BATES, Judge, delivered the opinion of the court.

The petition states that the defendant was indebted to the plaintiff for a specified sum of money, had and received by the defendant from the plaintiff in several sums at times specified; that demand had been made upon defendant for payment, and that the money still remained due and unpaid. The answer of the defendant denied his indebtedness to the plaintiff in the sums mentioned, and also denies his indebtedness to the plaintiff for any sum for money had and received from the plaintiff.

The plaintiff gave in evidence an order of the County Court of Henry county, appointing the defendant "agent to represent Henry County in the Pacific Railroad Company; to receive and transfer the stock of said company; to give its vote

and receive its dividend from said company; to receive the money from the county for the calls of the company, for the stock subscribed by said county, and pay the same over to the company when so ordered by the court; and superintend all transactions necessary between said Henry County and said Pacific Railroad Company, according to law and the order of the County Court of said county of Henry; and that he enter into bond to the County of Henry, in the sum of twenty thousand dollars, for the faithful performance of his duty."

The plaintiff then proved by the collector the payment by him to the defendant of the sums of money mentioned in the petition, from moneys collected by him from a tax levied by the County Court to pay the subscription of stock to the Pacific Railroad Company, and gave in evidence the defendant's receipts therefor; and also gave in evidence an order of the County Court to pay the moneys so received by him into the county treasury, and proved service on defendant of a copy of that order. The defendant then moved the court to exclude from the jury all the testimony given by the collector, and also the receipts given by the defendant, which motion the court granted, and excluded them from the consideration of the jury. The plaintiff took a non-suit, with leave to move to set it aside; and, after such motion was ineffectually made, brings the case to this court.

We are unable to perceive upon what grounds the court excluded the testimony. It tended directly to prove the allegations of the petition which were denied by the answer—that is, that the defendant had received the money from the plaintiff; for the collector was the agent of plaintiff to pay the money to defendant, and the defendant was agent of the plaintiff to receive the same, without any authority to appropriate it to any use without the order of the County Court.

So far as we can see, the evidence appears to have been legal and competent.

Judgment reversed, non-suit set aside, and cause remanded. Judges Bay and Dryden concur.